IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| DENNIS NDUMU | * |
| Plaintiff, | * |
| v. | *   Case No.: GJH-14-2598 |
| U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION, | * |
| Defendant. | * |

## MEMORANDUM OPINION

This is an action brought by Plaintiff Dennis Ndumu, a native of Cameroon and U.S. naturalization applicant, under § 1446(b) which permits a naturalization applicant, like Mr. Ndumu, to seek relief in United States district court if an agency determination on naturalization is not made within 120 days after the date of the applicant's examination. Defendant, having received assurances from the U.S. Citizenship and Immigration Service ("USCIS") that Mr. Ndumu's application will be adjudicated within sixty days of the dismissal of Mr. Ndumu's lawsuit, has filed a Motion to Remand and Dismiss Without Prejudice. *See* ECF No. 5. The Court finds that a hearing is not necessary. *See* Local Rule 105.6 (D. Md.). For the reasons set forth below, Defendant's Motion to Remand and Dismiss Without Prejudice will be GRANTED.

## I.   BACKGROUND

Mr. Ndumu is a citizen of Cameroon and has been a lawful permanent resident in the United States for over 5 years. *See* ECF No. 1. On July 22, 2013, Mr. Ndumu filed an application for naturalization with USCIS, claiming eligibility for naturalization pursuant to I.N.A. § 319 [8

U.S.C. § 1430] as a person who has been a lawful permanent resident for at least five years. *See id*. On December 11, 2013, Mr. Ndumu was interviewed by an USCIS officer who recommended that Ndumu's application be approved. *See* ECF No. 1-1. Now, more than 120 days later, Mr. Ndumu's application has still not been approved (or disapproved). *See* ECF No. 1. Accordingly, on August 15, 2014, Mr. Ndumu filed the instant lawsuit in federal district court pursuant to § 1446(b) to resolve Mr. Ndumu's application. *See id.* Defendant has filed a motion to remand to USCIS for adjudication of Mr. Ndumu's application. *See* ECF No. 5.

## II.   DISCUSSION

To begin the naturalization process, an applicant must first file an "Application for Naturalization" ("N-400 Application") with the Department of Homeland Security and USCIS. *See* 8 U.S.C. §§ 1445(a), (d); *see also* 8 C.F.R. §§ 316.4, 334.2. Following the filing of the N-400 Application, USCIS is required to conduct a background investigation of the applicant. *See* 8 U.S.C. § 1446(a). Under normal circumstances, following the completion of the background investigation and the examination of the applicant, the USCIS official is authorized to make a determination to grant or deny the application. *See* 8 U.S.C. § 1446(d); *see also* 8 C.F.R. 335.3. This determination is to be made within 120 days following the initial examination of the applicant. *See* 8 C.F.R. § 335.3. When a determination is not made within 120 days of the initial examination, an applicant can file for review of his/her application with a district court. 8 U.S.C. § 1447(b) provides, in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. *Such court has jurisdiction over the matter and may either*

> *determine the matter, or remand the matter, with appropriate instructions, to the Service to determine the matter*."

8 U.S.C. § 1447(b) (emphasis added).

In the present case, there is no dispute that more than 120 days have passed since Mr. Ndumu was initially examined by an USCIS official on December 11, 2013 – nearly eleven months ago. *See* ECF No. 1-1. Instead, Defendant urges the Court to remand the matter for adjudication by USCIS claiming that USCIS is best equipped to make a determination about Mr. Ndumu's eligibility for naturalization. *See* ECF No. 5-1 at 2. Additionally, Defendant notes that USCIS has agreed to adjudicate Mr. Ndumu's N-400 Application within sixty days of the date of dismissal of the suit. *See id.* at 3 ("USCIS has indicated that it will be prepared to adjudicate Plaintiff's application within 60 days of its receipt of the dismissal of this suit.").

The Court agrees with Defendant that USCIS "is in the best position to adjudicate naturalization applications." *Roberts v. Holder*, No. 11-1941, 2012 WL 2563880, at *2 (D. Md. June 29, 2012); s*ee also Khelifa v. Chertoff*, 433 F.2 Supp. 2d 836, 844 (E.D. Mich. 2006) (remanding case brought under § 1447(b) to USCIS so that agency can provide its expertise in analyzing results from background investigations and making a determination based on relevant immigration-related statutes); *Zhao v. Chertoff*, No. 07-1725, 2008 WL 191179, at *1 (W.D. Wash. Jan. 22, 2008) (recognizing the expertise of USCIS and granting motion to remand where, just like in the instance case, USCIS indicated it was prepared to adjudicate plaintiff's naturalization application). Furthermore, the Court is mindful of the Supreme Court's mandate that "[g]enerally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context." *INS v. Ventura*, 537 U.S. 12, 16-17 (2002). Indeed, "the vast majority of courts that have exercised jurisdiction over a case pursuant to § 1447(b) have remanded the

matter back to [US]CIS with appropriate instructions, rather than determine the matter." *Manzoor v. Chertoff,* 472 F.Supp.2d 801, 810 (E.D. Va. 2007) (collecting cases). Accordingly, the Court will remand Mr. Ndumu's case to USCIS pursuant to § 1447(b) with specific instructions that it adjudicate Mr. Ndumu's within sixty days of the entry of the accompanying Order.[1]

In remanding this case, the Court notes that Mr. Ndumu is not without further recourse to the district courts. First, Mr. Ndumu may re-file his suit if the USCIS does not adjudicate his application within sixty days, as it has pledged to do. Second, Mr. Ndumu retains his ability to seek subsequent *de novo* judicial review if the USCIS denies his N-400 Application.

### III. CONCLUSION

For all of the above reasons, the Court will GRANT the Defendant's Motion to Remand and Dismiss Without Prejudice. A separate Order follows.


Dated: October 29, 2014                                         /S/
                                                                George Jarrod Hazel
                                                                United States District Judge

---

[1] In reaching this conclusion, the Court notes that Mr. Ndumu commenced this action under 8 U.S.C. § 1447(b), which provides that the district court can remand a matter to USCIS with instructions. To the extent that Mr. Ndumu intended to commence a mandamus action under the Administrative Procedures Act that would have compelled USCIS to adjudicate his N-400 Application, he did not expressly so state in his complaint. Nevertheless, remand under § 1447(b) "provides essentially the same relief as mandamus." *Kats v. Frazier*, No. 07-479, 2007 WL 4964256, at *2 (D. Minn. Nov. 29, 2007). Thus, if all that Mr. Ndumu desired was an Order from this Court compelling USCIS to adjudicate his N-400 Application, then he effectively obtained that same relief through remand under 8 U.S.C. § 1447(b).